UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Porter, Inc.,<br><br>         Plaintiff,<br><br>    -v-<br><br>Riteway Marine Solutions, Inc., and Rory Hogan,<br><br>         Defendants, | 2:25-cv-01561<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

  Plaintiff Porter, Inc., d/b/a Formula Boats ("Formula Boats") brings this action against Defendants Riteway Marine Solutions, Inc. and Rory Hogan (together, "Defendants"). (Am. Compl., ECF No. 5.) Plaintiff first initiated this action on March 20, 2025, and filed an Amended Complaint on April 4, 2025, before any responsive pleading by Defendants. (ECF Nos. 1, 5.) Defendants failed to timely respond to the Amended Complaint and, as of the date of this Order, have yet to appear in this action. On July 3, 2025, Formula Boats filed a request for a certificate of default against Defendants. (ECF No. 11.) On July 14, 2025, the Clerk of Court entered a certificate of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (ECF No. 12.) On September 23, 2025, Magistrate Judge Lee G. Dunst ordered Formula Boats to file a Motion for Default Judgment by October 17, 2025, which Formula Boats timely filed on October 15, 2025. On October 21, 2025, the Clerk of Court assigned this action to this Court in light of the filing of the Motion for Default Judgment.

  The Court has reviewed the Amended Complaint (Am. Compl., ECF No. 5) and has determined that Formula Boats has failed to establish whether this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For the reasons set forth below, Formula Boats is

directed to show cause by **November 18, 2025**, in writing, through sworn affidavit, why this Court should not dismiss this action without prejudice for lack of subject matter jurisdiction.

## LEGAL STANDARDS

This Court has an independent obligation to determine if subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3).

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

Determining whether there is complete diversity requires assessing the citizenship of each party. "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he

2

is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (citation omitted).

With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider factors including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (*i.e.*, how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

Allegations made "upon information and belief" are insufficient to establish a party's citizenship for purposes of establishing diversity. *See Snyder Corp. v. Fitness Ridge Worldwide*, LLC, No. 18-cv-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (establishment of diversity requires affirmative statements of the identity and citizenship of all parties, and conclusory statements upon information and belief are insufficient); *see also Enteado v. HiPower Cycles, LLC*, No. 16-cv-996, 2016 U.S. Dist. LEXIS 28880, at *2 (D.N.J. Mar. 6, 2016) (holding that "allegations made 'upon information and belief,' are insufficient to convince the Court that diversity exists between the parties") (citation omitted).

3

The second requirement of diversity jurisdiction—an amount in controversy of at least $75,000—is equally important. "[A] plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* The amount in controversy alleged must be plausible, *i.e.*, supported by facts in the complaint. *Wood v. Maguire Automotive, LLC*, 508 F. App'x. 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction where plaintiff's "allegation in her complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth.").

## DISCUSSION

The Amended Complaint establishes that the amount in controversy exceeds $75,000 as required for jurisdiction under 28 U.S.C. § 1332(a) because Formula Boats seeks damages in the amount of $265,000, a sum consisting of the following:

> (1) $15,000 outstanding principal balance due for the order of Rinker 2002 342 Fiesta Vee; (2) $100,000 outstanding principal balance due for the order of SeaRay 2017 310 SLX; (3) $50,000 outstanding principal balance due for the order of Formula 2004 370SS; and (4) $100,000 outstanding principal balance due for the order of Cigarette – 2018 42GTO.

(Am. Compl. ¶ 1; *see also* Civil Cover Sheet, ECF No. 1-1.)

The Amended Complaint also properly establishes that Defendant Riteway Marine Solutions, Inc. is a citizen of New York because it is incorporated and has its principal place of business in New York. (Compl. ¶ 6; *see Bayerische*, 692 F.3d at 48.)

However, the Amended Complaint fails to plead sufficient facts to demonstrate that there is complete diversity between the parties because it fails to establish the citizenship of either

4

Plaintiff Formula Boats or Defendant Rory Hogan, the other named Defendant to the action. (Am. Compl. ¶¶ 5, 7–8.). Formula Boat's subsequent filings in this action do not provide additional information that would support a finding of complete diversity, either.

First, the Amended Complaint fails to establish the citizenship of Plaintiff Formula Boats because it alleges only that "Formula Boats is an Indiana corporation with an office in Decatur, IN." (Am. Compl. ¶ 5.) This amounts only to an allegation of Formula Boat's state of incorporation and does not address its principal place of business, which is also a basis for determining the citizenship of a corporation. *Bayerische*, 692 F.3d at 48.

The Amended Complaint further fails to establish the citizenship of Defendant Rory Hogan. It alleges that, "upon information and belief, [Hogan] resides and works in Babylon, New York," and that "[u]pon information and belief, Rory Hogan is domiciled in the State of New York." (Am. Compl. ¶¶ 7–8.) As a threshold matter, the conclusory allegation that Hogan is domiciled in New York is entirely inadequate. Allegations made "upon information and belief" are insufficient to establish a party's citizenship for purposes of diversity jurisdiction. *See Snyder Corp.*, 2018 WL 1428254, at *2; *see also Enteado v. Hi-Power Cycles, LLC*, 2016 U.S. Dist. LEXIS 28880 at *2. Moreover, while allegations regarding Hogan's residence and place of employment may be relevant considerations for establishing domicile, *see Lever*, 2021 WL 302648, at *7, the Amended Complaint and subsequent filings fail to provide support for the allegations made upon information and belief so as to establish that New York is Hogan's domicile.

**CONCLUSION**

For the reasons set forth above, Formula Boats must show cause by **November 18, 2025** in writing, through sworn affidavit, why this Court should not dismiss this case for lack of subject matter jurisdiction, without prejudice to filing in the proper forum.

If Formula Boats does not respond by **November 18, 2025**, or if its response does not show that the Court has subject matter jurisdiction over this action, the Amended Complaint will be dismissed for lack of subject matter jurisdiction.

Dated: Central Islip, New York
       November 4, 2025

                                                               */s/ Nusrat J. Choudhury*
                                                               NUSRAT J. CHOUDHURY
                                                               United States District Judge